IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WAYNE ANTHONY DAVIS,** | CASE NO. 3:24 CV 1421 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JUDGE DANIEL L. BRUDZINSKI, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Wayne Anthony Davis filed this civil rights action to contest his arrests and criminal prosecution in the Fremont Municipal Court on charges of driving on a suspended license. *See* Doc. 6. He asserts claims for violation of his First, Fourth, and Fourteenth Amendment rights, and seeks monetary damages. *Id.* at 3, 9-13. Currently pending before the Court are Motions to Dismiss filed by Defendants Donte M. Hanns and Ohio State Patrol (Doc. 12); Judge Daniel L. Brudzinski (Doc. 13); Brandon Pokersnik (Doc. 16); Jay Bowers, Markus Finley, Fremont Police Department, Nancy L. Jennings, Jason Kiddey, James F. Melle, Raquel Molina, Raymond Alfred Runner, and Sandusky County Jail (Doc. 20); Barbara Thacker Family First Bonding (Doc. 22), and Ronnie L. Wingate (Doc. 23). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, the Court grants Defendants' Motions to Dismiss.

### BACKGROUND

Plaintiff's Amended Complaint is very brief. *See* Doc. 6. It contains few factual allegations and no real explanation of his legal claims. *See id.* His Original Complaint is nearly identical to the amended pleading and provides little to no additional guidance. *See* Doc. 1. Much of the below

procedural background for this case was derived from the Fremont Municipal Court docket in Case No. TRC2100543A.[1]

Plaintiff contends he was stopped by Ohio Highway Patrol Trooper Hanns on March 21, 2021, and charged with driving with a suspended license. (Doc. 6, at 11). None of the parties indicate whether Plaintiff was arrested on this date or whether he merely received a traffic citation. He entered a plea of not guilty to the charge in the Fremont Municipal Court on April 6, 2021. He hired attorney Ronnie L. Wingate to represent him. The case was set for trial in September 2021, but was continued at the request of Attorney Wingate to November 12, 2021. Mr. Wingate then filed a Motion to Withdraw as Counsel. The Court set the case for a pretrial hearing on December 23, 2021, and scheduled a hearing on the Motion to Withdraw as Counsel for the same date. Although Attorney Wingate appeared in Court on December 23, 2021, Plaintiff did not appear with him. The Court ultimately continued the hearing to February 8, 2022. Attorney Wingate appeared at that hearing, but again, Plaintiff was not present. The Court continued the hearing for one week, stating that if Plaintiff did not appear for the new hearing, a bench warrant would be issued and he would be required to post a bond to be released pending trial. Plaintiff failed to appear in court on February 17, 2022; Attorney Wingate advised the court that Plaintiff told him he did not intend to appear. As promised, the Court issued a bench warrant for his arrest.

Plaintiff was arrested in May 2023. He appeared in court and Barbara Thacker Family First Bonding posted bond for his release. The Court set the matter for a hearing on June 6, 2023. Neither Plaintiff nor Attorney Wingate appeared at that hearing. The Court later scheduled the hearing for June 22, 2023, and continued it to June 27, 2023. Prior to that date, Attorney Brandon Pokersnik

---

1. The Fremont Municipal Court dockets are available at: http://www.fremontmunicipalcourt.org/recordSearch.php.

appeared on behalf of Plaintiff. The Court scheduled a change of plea hearing for July 6, 2023. The day prior, Attorney Pokersnik moved to withdraw. Plaintiff did not appear in court on July 6; Pokersnik did appear and advised the court that Plaintiff had told him he did not intend to appear. The Court issued a bench warrant and notified the bonding company that a forfeiture hearing was scheduled. Plaintiff was arrested on September 14, 2023, by Fremont Police Officer Jason Kiddey. On September 22, 2023, the State requested the Court dismiss the case without prejudice. The Court granted that Motion and released the bond.

Plaintiff then filed this action on August 20, 2024. He contends that on April 6, 2021, his attorney presented him with a plea deal which he agreed to accept after the State of Ohio provided him proof of jurisdiction and the judge's oath of office. He states, without explanation, that "the State of Ohio then exceeded its jurisdiction." (Doc. 6, at 11). He claims visiting prosecutor Raymond Runner "gave detrimental testimony of me at a hearing." *Id.* He states that Judge Brudzinski and Prosecutor James F. Melle's "persistence in getting a conviction forced me into a hearing under color of law." *Id.* He contends Attorney Pokersnik "took my money for investigating purposes . . . an unauthorized appearance in my case [and] made detrimental claims at a hearing then abandoned me." *Id.* He lists claims under the First, Fourth, and Fourteenth Amendments but does not explain any of these claims. *Id.* at 3. He seeks monetary damages. *Id.* at 10, 13.

Defendants filed Motions to Dismiss (Docs. 12, 13, 16, 20, 22 and 23).

The Ohio Highway Patrol and Trooper Donte M. Hanns ("Ohio Highway Patrol Defendants") claim: (1) they were not properly served with the Complaint; (2) the statute of limitations expired for a claim under 42 U.S.C. § 1983; and (3) they are entitled to immunity under the Eleventh Amendment. (Doc. 12).

3

Judge Brudzinski asserts: (1) he is entitled to judicial immunity; (2) any claims against him are barred by the *Rooker-Feldman* Doctrine; and (3) Plaintiff failed to state a viable legal claim against him. (Doc. 13).

Attorney Pokersnik asserts Plaintiff's Complaint does not allege sufficient facts or contain viable legal causes of action. (Doc. 16).

The Fremont Police Department, Prosecutor Melle, Clerk of Court Molina, Officer Kiddey, Bailiff Bowers, Probation Officer Finley, Prosecutor Jennings, Prosecutor Runner, Sandusky County Jail and Sheriff Hilton ("Fremont Defendants") assert: (1) Plaintiff failed to allege sufficient facts to state a claim upon which relief may be granted; (2) prosecutorial immunity; (3) qualified immunity; and (4) the Fremont Police Department and the Sandusky County Jail are not *sui juris*. (Doc. 20).

Barbara Thatcher Family First Bonding claims: (1) it is not a state actor under 42 U.S.C. § 1983; and (2) Plaintiff failed to identify a claim against it. (Doc. 22).

Finally, Attorney Wingate asserts that Plaintiff failed to allege facts that suggest he engaged in conduct that violated his constitutional rights. (Doc. 23).

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what a plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual

4

allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal* further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Federal Civil Rule 8 Pleading Standard

As an initial matter, Plaintiff's Amended Complaint fails to allege facts suggesting how any Defendant violated his First, Fourth, or Fourteenth Amendment rights. He does not indicate which First Amendment right he believes was violated, which Defendants he believes violated it, or how they violated it. Similarly, he does not allege facts to suggest which of his arrests he believes to have been unreasonable, why it was unreasonable, or which Defendant or Defendants rendered it unreasonable. Finally, he indicates he is asserting a claim under the Fourteenth

5

Amendment equal protection clause. There are no facts suggesting he was treated any differently than any other criminal Defendant finding him or herself in this situation. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his claims for relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Amended Complaint does not contain sufficient facts to support any of the legal claims Plaintiff lists therein. Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Entities Not *Sui Juris*: Fremont Police Department / Sandusky County Jail

In addition, the Fremont Police Department and the Sandusky County Jail are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."); *Cunningham v. Pierce*, 2013 WL 4832800, at *3 (S.D. Ohio 2013) (county jail is not *sui juris*); *Gerald v. Akron Bar Ass'n.*, 2018 WL 2985142, at *2 (N.D. Ohio) (finding the Summit County jail is not *sui juris* and therefore lacks the capacity to be sued); *Jackson v. Mowry*, 2013 WL 526916, at *3 (N.D. Ohio) ("county jails and sheriff's departments are not legal entities capable of being sued in their own right for purposes of § 1983").

As a consequence, Plaintiff's claims against these two entities fail as a matter of law.

<u>Lack of State Action: Wingate, Pokersnik, Rodriguez, Mohammed, Thacker</u>

Furthermore, Plaintiff cannot assert claims against Wingate, Pokersnik, Candice L. Rodriguez, Hassan Mohammed, or Thacker under 42 U.S.C. § 1983. Plaintiff asserts claims for violation of his First, Fourth, and Fourteenth Amendment rights. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Id.*

Wingate and Pokersnik are private attorneys. Private attorneys are not state actors under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Thacker is an individual running a private business and the Amended Complaint contains no allegations that Rodriguez or

7

Mohammed are anything other than private citizens.² They are not state actors for purposes of § 1983.

<u>Immunity from Suit: Ohio State Highway Patrol; Ohio Department of Motor Vehicles; Judge Brudzinski; Prosecutors Melle, Runner, and Jennings; Clerk Molina; Bailiff Bowers</u>

Eight of the Defendants are immune from suits for damages under § 1983. First, the State of Ohio and its agencies, which include the Ohio Department of Motor Vehicles and the Ohio State Highway Patrol, are immune from suit under the Eleventh Amendment / sovereign immunity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Judge Brudzinski is entitled judicial immunity from suits for damages that are based on decisions he made in the course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Prosecutors Melle, Runner, and Jennings are granted prosecutorial immunity from suits for damages based on actions they took in representing the government in a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Finally, court clerks and bailiffs are immune from liability for actions taken by them at the direction of the judge. *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (citing *Foster v. Walsh*, 804 F.2d 416, 417 (6th Cir. 1988)). There are no facts suggesting Clerk of Court Molina or Bailiff Bowers engaged in any activity for which immunity would not apply.

---

2. It does not appear Mohammed or Rodriguez have been served with the Amended Complaint in this case and neither has moved to dismiss the claims against them. Nevertheless, the Court finds *sua sponte* dismissal proper for the above reasons. *See Quinn v. Shirey*, 293 F.3d 315, 322 n.4 (6th Cir. 2002) (finding permissible dismissal as to all defendants where argument made by one defendant applied to the other and plaintiff had an adequate opportunity to respond to the basis for dismissal).

No Personal Involvement: Probation Officer Finley

There are no facts alleged against Probation Officer Finley. The Court has no indication of what role, if any, he played in the events described in the Amended Complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Amended Complaint simply contains no facts which reasonably associate this Defendant with any of the claims set forth by Plaintiff.

Statute of Limitations: Trooper Hanns

The only facts Plaintiff alleges pertaining to Trooper Hanns are that Hanns cited Plaintiff for driving on a suspended license on March 21, 2021. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Auth.*, 55 F. 3d 1097 (6th Cir. 1995). This action was filed on August 20, 2024, well beyond the expiration of the two-year statute of limitations period.

Fourth Amendment: Trooper Hanns, Officer Kiddey

Moreover, the mere allegation that an officer issued a traffic citation or arrested a suspect on a warrant, alone, does not state a claim for a constitutional violation. The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . but upon probable cause." U.S. Const. amend. IV. In assessing whether the right against unreasonable searches and seizures has been violated, the Court must consider whether the action is "attributable to the government," and amounts to a "search" or "seizure" for Fourth Amendment purposes. *See Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989). If the contested action meets

9

both of these requirements, the Court then considers whether the search or seizure is "unreasonable" under the Fourth Amendment. *Id*. Plaintiff alleges only that Trooper Hanns issued a traffic citation to him. He alleges Officer Kiddey arrested him on a bench warrant. He does not allege any other facts to suggest that these actions were unreasonable under the Fourth Amendment.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motions to Dismiss (Docs. 12, 13, 16, 20, 22 and 23) be, and the same hereby are, GRANTED, and this action is DISMISSED in its entirety. The Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2025