# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**WAYNE ANTHONY DAVIS,**　　　　　　　　CASE NO. 3:24 CV 1421

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**JUDGE DANIEL L. BRUDZINSKI, et al.,**

　　Defendants.　　　　　　　　　　　**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION AND BACKGROUND

Currently pending before the Court is Plaintiff Wayne Anthony Davis's post-judgment Motion for a Writ of Error *Coram Nobis*. (Doc. 38). For the reasons set forth below, the Motion is denied.[1]

Plaintiff originally filed this action on August 20, 2024, to contest his prosecution in the Fremont Municipal Court for driving with a suspended license. (Doc. 1). On January 22, 2025, this Court granted the Defendants' Motions to Dismiss (Docs. 12, 13, 16, 20, 22, 23), finding: the Complaint failed to meet basic pleading requirements, two of the Defendants are not legal entities that can be sued, three of the Defendants are private parties that cannot be sued under 42 U.S.C. § 1983, eight of the Defendants are immune from suits for damages under § 1983, and the statute of limitations expired for claims under § 1983. (Doc. 36).

---

1. Defendants Ohio State Patrol and Donte M. Hanns filed an opposition to Plaintiff's Motion. (Doc. 39). Plaintiff moved to strike that response (Doc. 40); these Defendants opposed (Doc. 41). Plaintiff then moved to strike that opposition (Doc. 42), and these Defendants again opposed (Doc. 43). Plaintiff's motions to strike are denied.

On January 30, 2025, Plaintiff filed the currently-pending Motion for a Writ of Error Corum Nobis, stating the Memorandum of Opinion and Order in this case "was entered by a stranger in the plaintiff's case without limiate [sic] legal power or jurisdiction" and that "[d]ue process principles ensure that before a court can issue an order all parties involved must be properly notified and have a chance to be heard preventing arbitrary rulings[.]" (Doc. 38, at 1). He further states that "[t]he stranger was not an authorized attorney of record was not authorized by the plaintiff and had no legal basis to file the order. Plaintiff also moves the [C]ourt for it not to happen again[.]" *Id.*

## DISCUSSION

Upon review, the Court finds Plaintiff has not established a basis for relief and his motion seeking reconsideration of this Court's prior Memorandum Opinion and Order is denied.

As an initial matter, the undersigned United States District Court Judge is not, as Plaintiff asserts, a stranger to this case, and does not require prior permission from Plaintiff to rule on Motions. Moreover, Plaintiff was not without notice that Defendants had filed Motions to Dismiss; indeed, he responded to all of them. *See* Docs. 24, 25, 26, 32, 33.

However inartfully drafted Plaintiff's Motion may be, it appears he asks the Court to reconsider its judgment in favor of Defendants. Motions for reconsideration filed post-judgment are treated as Motions to Alter or Amend Judgment pursuant to Rule 59(e) or Motions for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[2] *See Lommen v. McIntyre*, 125 F. App'x 655, 658-59 (6th Cir. 2005). Rule 59(e) permits a court to alter judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

---

2. A writ of error *coram nobis* was used in common law "as a device for correcting fundamental errors in both civil and criminal cases." *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). It was abolished and replaced in civil cases by Federal Civil Rule 60. *Id.*

controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Similarly, Rule 60 authorizes relief from judgment for, among other reasons, mistake, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b).

Neither Rule 59 nor Rule 60 provide a basis for the Court to alter or amend the judgment here. Plaintiff merely strings together random and irrelevant citations to cases, statutes, Black's Law Dictionary, the Magna Carta, and the Unclean Hands Doctrine. *See* Doc. 38. His Motion does not contain a single coherent legal argument that would entitle him to relief under either Rule 59(e) or Rule 60(b).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for a Writ of Error *Coram Nobis* (Doc. 38) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motions to Strike (Docs. 40, 42) be, and the same hereby are, DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2025